IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| TERRENCE MITCHELL, | ) | C/A No. 4:08-cv-01009-TLW-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN ALLENDALE | ) | |
| CORRECTIONAL INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Terrence Mitchell ("Petitioner/Mitchell"), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 13, 2008. On August 8, 2008, Respondent filed a Motion to Dismiss for Lack of Prosecution (Document #21). The undersigned issued an order filed August 11, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. No response has been filed by Petitioner. The *Roseboro* Orders were returned to the Clerk of Court's office via United States Postal Service on August 20, 2008, and August 21, 2008, marked "Return to Sender." (Documents #25 and #26).[2]

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the District Judge.

[2] The *Roseboro* order was mailed to the address Petitioner had provided to the court, as well as, the address the Respondent had been provided. Both orders were returned to the Clerk of Court's office via United States Postal Service on August 20, 2008 and August 21, 2008. (Documents #25 and #26).

Respondent filed a motion to dismiss pursuant to Rule 41(B), F.R.C.P. asserting that Petitioner was "apparently incarcerated when the instant petition was filed. However, according to the South Carolina Department of Corrections, Petitioner's sentence actually expired on April 1, 2008. Prior counsel for Respondent was provided with a forwarding address, that was, in turn, provided to the Court." However, Respondent asserts that documents to that address have been returned. Furthermore, Counsel for Respondent contends that he has again contacted SCDC to verify release and a new address but SCDC shows an "unknown" location on their records. Respondent argues that Petitioner has failed to properly advise the Court of his change of address and Respondent has not been able to obtain a current and/or proper address for Petitioner. Therefore, Respondent moves that the action be dismissed as his lack of compliance should be deemed failure to prosecute and an intentional abandonment of the action.

In the alternative, Respondent requests time for filing a return be held in abeyance pending Petitioner's notification of a new address so that Respondent may make effective service of the return and attachments.

### RULE 41(B) DISMISSAL/LACK OF PROSECUTION

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

(3)   the history of the plaintiff in proceeding in a dilatory manner; and,

(4)   the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding pro se so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion to dismiss or the court's order requiring him to respond. All orders/mail forwarded to Petitioner by the court have been returned as undeliverable since April 2008. (See documents #10, #15, #16, #20, #25, and #26). Petitioner has not provided the court with an updated address. The court mailed orders not only to the address on file provided by Petitioner but also to the forwarding address counsel for Respondent had obtained. Petitioner has failed to provide the court with an updated address. Accordingly, it is recommended that this action be dismissed due to lack of prosecution. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) and Respondent's motion for lack of prosecution be GRANTED. (Doc.#21).

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Respondent's motion to dismiss for lack of prosecution be GRANTED and the petition be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                                          Respectfully submitted,

                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

September 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**